IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-204 |
| v. | : | DATE FILED: _____ |
| OMAR TEAGLE | : | VIOLATIONS: |
| DONNELL BALL | | 21 U.S.C. § 846 (conspiracy to distribute 5 |
| RAOUL ALBURG | : | kilograms or more of cocaine - 1 count) |
| RAMON ALBURG | | 21 U.S.C. § 841(a)(1) (possession with |
| GEORGE RODGERS | : | intent to distribute 50 grams or more of |
| ROLAND ALBURG | | cocaine base ("crack") - 1 count) |
| | : | 21 U.S.C. § 841(a)(1) (possession with |
| | | intent to distribute cocaine - 1 count) |
| | : | 18 U.S.C. § 924(c) (possession of a firearm |
| | | in furtherance of a drug trafficking |
| | : | crime - 1 count) |
| | | 18 U.S.C. § 922(g)(1) (felon in possession |
| | : | of a firearm - 1 count) |
| | | Notices of forfeiture |

**SECOND SUPERSEDING INDICTMENT**

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

    1.    From at least in or about December 2005 through on or about March 29, 2006, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**OMAR TEAGLE,
DONNELL BALL,
RAOUL ALBURG,
RAMON ALBURG,
GEORGE RODGERS, and
ROLAND ALBURG**

conspired and agreed, together and with others known and unknown to the grand jury, to knowingly and intentionally distribute 5 kilograms or more of a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A).

## MANNER AND MEANS

It was a part of the conspiracy that:

2. The defendants were members of a drug organization that distributed cocaine from various locations in Philadelphia, Maryland, and New Jersey.

3. Defendant DONNELL BALL went to California to arrange the purchase of over 150 kilograms of cocaine (hereinafter, the "Cocaine").

4. Defendant RAOUL ALBURG went to California to get the Cocaine and then transported the Cocaine to New Jersey.

5. Defendants RAMON ALBURG, OMAR TEAGLE and DONNELL BALL pooled their money to buy the Cocaine.

6. The organization used hidden compartments in furniture, foosball tables and fish tanks to transport the Cocaine.

7. The organization used "stash houses," including a house located at 1010 South Colorado Street in Philadelphia, which was controlled by defendant GEORGE RODGERS, to store cocaine.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, the following overt acts, among others, were committed in the Eastern District of Pennsylvania and elsewhere:

1. In or about December 2005, defendant DONNELL BALL went to California from Philadelphia, PA to arrange for the purchase of the Cocaine.

2. In or about January 2006, defendants OMAR TEAGLE and ROLAND ALBURG discussed the price of the Cocaine from their suppliers in California.

3. On or about March 3, 2006, defendant RAOUL ALBURG brought a couch and two rectangular pieces of furniture with hidden compartments to defendant GEORGE RODGERS' home at 1010 South Colorado Street, Philadelphia, PA  from New Jersey for use in storing drugs and/or money.

4. On or about March 20, 2006, defendant OMAR TEAGLE met with defendants ROLAND ALBURG and RAOUL ALBURG in Somerset, New Jersey to discuss transporting the Cocaine from California to the East Coast.

5. On or about March 22, 2006, defendant RAOUL ALBURG left New Jersey for California to get the Cocaine with two others known to the grand jury.

6. On or about March 26, 2006, defendant RAOUL ALBURG left California with the Cocaine loaded in a recreational vehicle that was attached to a trailer.

7. On or about March 28, 2006, defendant RAMON ALBURG told defendant RAOUL ALBURG that he would get his share of the Cocaine the next day.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 29, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## GEORGE RODGERS

knowingly and intentionally possessed with intent to distribute 50 grams or more, that is, approximately 84.6 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 29, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## GEORGE RODGERS

knowingly and intentionally possessed with intent to distribute approximately 183.7 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 29, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## GEORGE RODGERS

knowingly possessed a firearm, that is: (1) an Intratec model Sport 22 .22 caliber, loaded with 4 rounds of ammunition, serial number K005517; (2) a Ruger model P-89 9 mm, serial number 314-32738, loaded with eleven rounds of ammunition; (3) a Hi-Point model "C" 9 mm, serial number P202598, loaded with eleven rounds of ammunition; (4) an Armi-Fratelli model BTA90 9 mm, serial number G24191, loaded with five rounds of ammunition; and (5) a High Standard model Sentinel .22 caliber, serial number 1309903, loaded with one round of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 29, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**GEORGE RODGERS**,

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is: (1) an Intratec model Sport 22 .22 caliber, loaded with 4 rounds of ammunition, serial number K005517; (2) a Ruger model P-89 9 mm, serial number 314-32738, loaded with eleven rounds of ammunition; (3) a Hi-Point model "C" 9 mm, serial number P202598, loaded with eleven rounds of ammunition; (4) an Armi-Fratelli model BTA90 9 mm, serial number G24191, loaded with five rounds of ammunition; and (5) a High Standard model Sentinel .22 caliber, serial number 1309903, loaded with one round of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 21, United States Code, Sections 846 and 841(a)(1), set forth in this second superseding indictment, defendants

**OMAR TEAGLE,**
**DONNELL BALL,**
**RAOUL ALBURG,**
**RAMON ALBURG,**
**GEORGE RODGERS, and**
**ROLAND ALBURG**

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and

(b) any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense, including but not limited to $489,000 in United States currency.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

-8-

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

## SECOND NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

As a result of the violations of Title 18, United States Code, Sections 924(c) and 922(g)(1), as set forth in this second superseding indictment, defendant

### GEORGE RODGERS

shall forfeit to the United States of America the firearms and ammunition involved in the commission of such offenses, including, but not limited to: (1) an Intratec model Sport 22 .22 caliber, loaded with 4 rounds of ammunition, serial number K005517; (2) a Ruger model P-89 9 mm, serial number 314-32738, loaded with eleven rounds of ammunition; (3) a Hi-Point model "C" 9 mm, serial number P202598, loaded with eleven rounds of ammunition; (4) an Armi-Fratelli model BTA90 9 mm, serial number G24191, loaded with five rounds of ammunition; and (5) a High Standard model Sentinel .22 caliber, serial number 1309903, loaded with one round of ammunition.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**PATRICK L. MEEHAN**
**UNITED STATES ATTORNEY**